IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:07CR164

DAVID ISAAC WAY,

    Petitioner.

## MEMORANDUM OPINION

David Isaac Way, a federal inmate proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Government responded and Way replied. The matter is ripe for disposition.

## I. FACTUAL AND PROCEDURAL HISTORY

A grand jury sitting in Richmond, Virginia returned an indictment against Way, charging him with six drug and firearm offenses. Way pleaded guilty to one count of conspiracy to distribute more than five grams of cocaine base. In the Plea Agreement, Way waived his right to appeal. (Plea Agreement ¶ 6.) On October 19, 2007, the Court imposed the Judgment in a Criminal Case. The Court enhanced Way's sentence pursuant to the career-offender provision of U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 and sentenced Way to a 188-month term of imprisonment. (Docket No. 72.) Way appealed.

On appeal, Way challenged the Court's determination that Way was a career offender. Specifically, Way argued that his 1996 New York robbery conviction did not qualify as a predicate offense

because at that time he was designated as a youthful offender under New York law. Way was 16 years old when he was arrested for the offense and 17 years old when he was sentenced. (PSR ¶ 23.) Way also argued that the length of the sentence he actually served for the 1996 New York robbery disqualified it as a predicate offense.

The United States Court of Appeals for the Fourth Circuit dismissed the appeal because Way had waived his right to appeal. The Supreme Court of the United States denied Way a writ of certiorari. Way v. United States, 129 S. Ct. 512 (2008).

## II. WAY'S CLAIM FOR § 2255 RELIEF

Way raises a single claim for relief under 28 U.S.C. § 2255.[1] Way argues that he received constitutionally ineffective assistance of counsel because his attorney inadequately objected to the determination that Way was a career offender. Way bases this argument on the fact that he was a youthful offender at the time of one of his predicate offenses and he did not actually serve a sentence of at least one year and one month.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate the ineffective assistance of counsel, a defendant must first show that counsel's representation was

---

[1] Way's § 2255 motion appears to raise multiple grounds for relief. A close reading of Way's § 2255 Motion, memorandum in support thereof, and especially his reply brief makes clear that his arguments may be adjudicated as a single claim.

2

deficient and then that the deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). To satisfy the deficient performance facet of <u>Strickland</u>, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" <u>Burch v. Corcoran</u>, 273 F.3d 577, 588 (4th Cir. 2001) (quoting <u>Strickland</u>, 466 U.S. at 689). To satisfy the prejudice aspect of <u>Strickland</u>, the defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694.

## IV. ANALYSIS

At sentencing, Way's attorney challenged Way's designation as a career offender. (PSR A2; Oct. 19, 2007 Tr. 4-6.) Way's attorney argued that Way's 1996 youthful-offender conviction should not apply in a determination regarding whether Way is a career offender.[2]

---

[2] The Second Circuit summarized the youthful-offender law as follows:

> Under New York law, a 16-to-18 year-old offender, convicted as an adult, may be adjudicated a youthful offender, thereby vacating and replacing his conviction with a youthful offender finding. Youthful offender status affords the defendant certain benefits, such as privacy protections. Youthful offender adjudication is "meant to provide a second chance," and recognizes the

3

The Court engaged in a lengthy discussion regarding Second Circuit, New York state, and Fourth Circuit law. (Oct. 19, 2007 Tr. 15-19.) The Court ultimately determined that Way's youthful-offender conviction constituted a predicate offense for application of the career offender provision of the USSG. See United States v. Driskell, 277 F.3d 150, 154 (2d Cir. 2002) ("[A] court may consider a [youthful-offender] conviction . . . in those situations where . . . the defendant . . . was tried in an adult court, convicted as an adult, and received and served a sentence exceeding one year and one month in an adult prison.").

Way argues that the Court should have applied the Fourth Circuit case of United States v. Mason, 284 F.3d 555 (4th Cir. 2002), instead of Second Circuit law. Mason, however, does not apply to Way's situation. In Mason, the Court determined that because Mason received a juvenile sentence, that conviction could not serve to designate him as a career offender. In Way's case, on

---

> young defendant's "potential for rehabilitation." However, youthful offender findings do not excuse recidivists from enhanced sentencing in the federal courts merely because their prior offenses are not deemed "convictions" under state law. We have held that district courts may consider youthful offender adjudications as predicate prior felony convictions for the imposition of increased sentences under sections of the United States Sentencing Guidelines and other statutes.

United States v. Jackson, 504 F.3d 250, 252 n.2 (2d Cir. 2007) (citations omitted).

4

the other hand, Way was sentenced as an adult.[3]  "[F]or offenses committed prior to age eighteen, . . . those that resulted in adult sentences of imprisonment exceeding one year and one month . . . are counted" for career offender designation purposes.  USSG § 4A1.2 n.7.  Way's argument that the Court applied the wrong law therefore fails.

The USSG application note raises Way's concomitant argument. Way argues that the maximum sentence to which he was exposed was a sentence of probation.  Way asserts that this is because, at the time of the 1996 conviction, he did not have any prior convictions.[4]  (Mem. Supp. § 2255 Mot. 8, 15.)  Way contends that "[u]nder the New York state sentencing scheme a person with 'no priors,' qualifies for probation, and not a prison term of 1-3 years."  (Mem. Supp. § 2255 Mot. 8 (spacing corrected).)  Way offers no legal support for this proposition.

Way contends that he received only a term of probation (Mem. Supp. § 2255 Mot. 7), and only served jail time after he violated that probation (Mem. Supp. § 2255 Mot. 8).  Nevertheless, even in such circumstances, Courts apply the "maximum sentence imposed,"

---

[3] The presentence investigation report makes apparent that Way had two arrests when he was fourteen and fifteen years old. (PSR ¶¶ 20-21.)  Those convictions were served in a juvenile facility and were not included when the Court determined whether Way was a career offender.

[4] Way does not address the fact that the PSR identifies two prior juvenile convictions.

USSG § 4A1.2(b)(1), after the revocation of probation. See United States v. Conca, 635 F.3d 55, 65 (2d Cir. 2011) (determining that a youthful offender, sentenced to time served and probation who later violates probation and is sentenced to the indeterminate sentence of one to three years, is considered to have received a sentence of more than one year and one month).

Way's attorney skillfully objected to Way's sentence on the same grounds Way now raises. The Court correctly overruled the objections. (Oct. 19, 2007 Tr. 18.) Accordingly, Way has not demonstrated that his attorney's actions prejudiced Way.

The Court notes that even if Way's arguments had merit, he has failed to show that his attorney performed deficiently. The United States Probation Office had difficulty obtaining specific information regarding Way's previous convictions. Way does not identify how his attorney could have conducted a more thorough investigation in order to object to Way's sentence. Nor does Way contend that he informed his attorney of the details of his previous convictions. Accordingly, Way has not demonstrated that his attorney performed deficiently.

## V. CONCLUSION

Way has not demonstrated that his attorney performed deficiently, or that Way was prejudiced by his attorney's actions. Accordingly, Way's § 2255 motion will be DENIED and his claims will be DISMISSED WITH PREJUDICE.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Way has not satisfied this standard. Accordingly, the Court will DENY a certificate of appealability.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Way and counsel of record.

An appropriate Order shall accompany the Memorandum Opinion.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: September 13, 2011

7